Underwood agt. Farmers' Joint Stock Insurance Co.

## COMMISSION OF APPEALS.

WILLIAM H. UNDERWOOD, respondent, agt. THE FARMERS' JOINT STOCK INSURANCE COMPANY, appellant.

*Delivery of a verified account of loss to an insurance company — condition precedent must be strictly complied with.*

Where the policy of insurance makes it a condition precédent to plaintiff's right of recovery that he should deliver to the company a verified account in writing of his loss within ten days after the loss, it becomes a part of the contract of insurance, and effect should be fairly given to it as to every other part of the contract.

Where there is a conflict in the evidence on the trial that this condition has been waived by the defendant, it is error for the judge to decide, as matter of law, that it has been waived, and, hence, that non-compliance with it, on the part of the plaintiff, does not defeat the action.

The evidence in such case should be submitted to the jury to determine whether there has been a waiver or not.

Whether there can be any waiver of a condition precedent, except there be in the case an element of estoppel, discussed, but not decided by the court.

*Decided May* 28, 1874.

APPEAL from the judgment of the general term of the supreme court of the third department affirming a judgment entered for plaintiff upon the verdict of a jury.

The action was brought to recover upon a policy of insurance, issued by defendant to plaintiff, upon a barn and property situated in Onondaga county. The property was destroyed by fire in July, 1868. One of the conditions annexed to the policy of insurance was, that the insured should in case of loss, forthwith give notice to the secretary of the company, and, within ten days after such loss, deliver in a particular account of such loss, signed and verified.

Underwood agt. Farmers' Joint Stock Insurance Co.

Two defenses were set up in answer, and relied upon in the trial. That the verified account of the loss was not delivered within the ten days, and that the plaintiff himself set fire to the property insured.

Other facts appear sufficiently in the opinion.

*Pratt, Mitchell & Brown,* for appellant.

*A. P. Smith,* for respondent.

EARL, *C.* — Upon the trial the judge submitted to the jury but one question of fact, to wit: Whether the plaintiff himself set fire to the barn insured, and charged them to render a verdict for the plaintiff if they found that question in his favor. To this portion of the charge the defendant's counsel excepted.

It is not disputed that it was by the policy a condition precedent to plaintiff's right of recovery that he should deliver to the company a verified account in writing of his loss within ten days after the loss. This condition was part of the contract of insurance, and effect should be fairly given to it as to every other part of the contract. It is undisputed that no account of the loss was delivered to the defendant or any of its agents until about one month after the loss. But the judge at the trial held, as matter of law upon the evidence, that this condition had been waived by the defendant, and, hence, that non-compliance with it on the part of the plaintiff did not defeat the action. It therefore becomes necessary to examine the evidence upon this question.

The plaintiff testified that on Monday after the fire, which was on Friday night, he called upon one Seloner, who was the agent of the defendant, by whom the insurance was effected, and informed him of the fire, and asked him what he should do, and he told him to wait until the general agent came, and said that he would write to the general agent, and promised that he and the general agent would in a few days call upon him, and make affidavits and straighten

Underwood agt. Farmers' Joint Stock Insurance Co.

the matter up; that, in about a month, they came to him, and the general agent drew up an affidavit, which he verified, giving an account of the loss, and they took it; that they then left him, saying that upon their return they would straighten the matter up; that they returned in the afternoon of the same day, and talked with the plaintiff, but did not adjust or pay the loss. The plaintiff also proved that, about three weeks after this interview with the general agent, he caused another account of the loss to be drawn up and verified and sent to the secretary of the company, by whom it was returned with a notification that it was rejected because it was not made and delivered within the time required by the policy. This was the first notification received by the plaintiff that he was in default for not delivering the verified account of his loss in time.

Such is the case made by plaintiff upon this question, and if this had been all the evidence, I think the judge might well have held, as matter of law, that the condition in question had been waived. Seloner was the local agent of the company who effected the insurance. The proof does not show what his precise powers were, but he testified that he had been allowed to adjust and pay losses without first consulting the company, and that he had taken a large amount of insurance for it, and he seems to have acted for the company in reference to this loss with its knowledge and sanction. It is proper, therefore, to hold that the company would be bound by what he said and did in reference to settling and paying the loss as detailed in the evidence of the plaintiff. This agent, when informed of the fire, and asked by the plaintiff what to do, told him to wait until the general agent came, and that he and the general agent would be along in a few days, and draw the affidavit, and straighten the matter up. The plaintiff had the right to infer from this that he had nothing more to do until the general agent came, and that his affidavit giving an account of his loss would then be drawn and be in time.

But the most material part of this evidence is contradicted. Seloner testified that plaintiff called upon him at the time mentioned, and notified him of the fire; that after inquiring as to the circumstances of the fire, and expressing his suspicions about it, he told him that he would call and look the matter over during the week, and if he found it fair and square the company would pay, if otherwise, not. He denied that he said a word about the general agent, or about making out the papers, or that he promised to make them out. He testified that on the Thursday following, less than a week from the time of the fire, he did call upon the plaintiff in reference thereto, told him that the matter looked bad, that he was accused of burning the barn, and that he must account for his whereabouts on the night of the fire before the company would pay; that in about four weeks after this he and the general agent called upon the plaintiff, and asked him to go to a justice of the peace and make an affidavit, as the matter looked suspicious and they wanted to pry into it; that he went with them and made the affidavit, which, although not literally, was substantially, except as to time, a compliance with the condition annexed to the policy; that they then told him that they did not feel safe in paying him a dollar, and could not do it with propriety, but that they would pay him $200 rather than go to law about it. The judge was asked to charge the jury, substantially, if they believed this evidence of Seloner, that the action was successfully defended and he refused, and to his refusal defendant's counsel excepted.

I think the learned judge erred in refusing this charge. There was conflict in the evidence, and as the judge disposed of the question as one of law, and refused to submit the evidence to the jury, we are bound to take that view of the evidence most favorable to the defendant which the jury might have taken. Taking the evidence of Seloner then, there was no compliance with the condition, and no waiver of it. He did nothing within the ten days to induce the plaintiff to believe that he was not bound to deliver the veri-

fied account of his loss within the time specified in the
policy.   What he did and said on the contrary showed that
the company would scrutinize the loss, and  probably contest
it, and should  have made the plaintiff scrupulous in a strict
compliance with all the requirements of his policy.   Instead
of delivering his affidavit within the ten days, he waited about a
month, until the local and general agents called upon  him.
They then drew an affidavit, not for the  purpose of a compli-
ance with the condition, but to enable them  to  pry into the
cause of the fire, which they regarded as suspicious, and they
then informed  him that they could  not  pay the loss, except
upon the compromise which they proposed.   In drawing and
keeping this affidavit there certainly was no waiver of the
condition.   The doctrine of estoppel lies at the foundation
of the law as to waiver.  While one has time and opportunity
to comply with a condition precedent, if  the other party does
or says anything to  put him off from  his  guard and  induce
him  to  believe that the condition is waived, or that a strict
compliance with  it will  not  be insisted on, he is afterward
estopped from claiming non-performance of  the condition.
Unless there is some consideration for a waiver, or  some
valid modification of  the agreement between the  parties,
which contains the condition,  I think there can be no waiver
of  a condition precedent, except there  be in the case an
element of  estoppel.   At the time when the affidavit was
drawn the plaintiff had  forfeited  his rights under his policy.
Nothing that was there said or done induced  him in any way
to  forego any of his rights, or to omit the  performance on
his part of anything required  by his policy, and,  hence, fur-
nished no estoppel against the defendant.   In *Clark* agt. *The
New England  Fire  Ins.  Co.* (6  *Cush.*, 342); *Underhill* agt.
*The Agawan Mutual Fire Ins.  Co.* (6 *Cush.*, 440); *Bumsteed*
agt. *The Dividend Mut. Ins.  Co.* (12 *N.  Y.*, 81); *Post* agt.
*Ætna  Ins.  Co.* (43  *Barb.,*  351); *Ames* agt. *The  N.  Y.
Union  Ins.  Co.* (14 *N  Y.*, 253); *Trustees  First  Baptist
Church* agt. *Brooklyn  Fire Ins.  Co.* (19 *N.  Y.*, 505), and all the

other similar cases that have fallen under my observation—with one exception, which will be hereafter noticed—the waiver claimed was based upon the conduct of the defendants or their agents at a time when the plaintiffs could have complied with the conditions. The true rule, I think, is laid down by MULLIN, J., in *Ripley* agt. *The Ætna Ins. Co.* (30 *N. Y.*, 136), as follows: "It seems to me that a waiver to be operative must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract or forfeiture of the condition." And in that case, there was held to be no waiver upon facts fully as significant as the undisputed facts in this case.

The case of *Owen* agt. *Farmers' Joint Stock Ins. Co.* (57 *Barb.*, 518) is apparently in conflict with the views above expressed. That was an action against this same company, and the policy sued on contained the same condition as the one under consideration. In that case, the plaintiff was absent from home at the time of the fire, and the proof of loss was not delivered to the company within the ten days. But more than a month after the fire the agent of the company stated to a party interested in the policy, that it made no difference, and that the proofs could be sent in after the return of the plaintiff, and they were sent in after his return, after a further delay of about six weeks. It was held, upon these facts, that the condition was waived. If all the facts in that case appear in the opinion, I cannot doubt that the court fell into error by not noticing the distinction between a waiver before forfeiture and one made afterward. In that case there was no estoppel, as the plaintiff did not delay until after the ten days in consequence of anything said or done by defendant's agent. There was no consideration for the waiver and no valid agreement to waive the condition. Although that case is said to have been affirmed in the court of appeals, the opinion of that court is not fur-

Underwood agt. Farmers' Joint Stock Insurance Co.

nished, and we are unable to see the precise ground upon which the affirmance was based.

In this case, the facts should have been submitted to the jury with proper instructions, and if they had found that, in consequence of what the defendant's agent said or did before the expiration of the ten days, as testified to by the plaintiff, he was induced to delay compliance with the condition until after that time, then there would have been a waiver of the condition, and non-compliance with it would have furnished no defense to the action. But my brethren are unwilling to express an opinion upon the doctrine of waiver as I have stated it, but concur with me in reversing the judgment, upon the ground that the judge erred in holding, as a matter of law, that the condition was waived, and that the evidence in reference thereto should have been submitted to the jury.

Judgment reversed, and new trial granted; costs to abide event.

All concur.